UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-03923-KK-PDx** | Date: | August 13, 2026 |
|---|---|---|---|
| Title: | ***Miguel Ramirez Olascuasa v. Warden-Facility Administrator Adelanto Ice Processing Center et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order Denying Motion for Preliminary Injunction [Dkt. 1]**

On July 13, 2026, pro se petitioner Miguel Ramirez Olascuasa ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241 and an Ex Parte Motion for Temporary Restraining Order. ECF Docket No. ("Dkt.") 1. On July 15, 2026, the Court converted Petitioner's Ex Parte Motion for Temporary Restraining Order to a Motion for Preliminary Injunction ("Motion"). Dkt. 6. Petitioner is currently detained by Immigration and Customs Enforcement and has been provided two bond hearings since his arrest. Dkt. 8 at 2. Petitioner now seeks an additional bond hearing, among other relief. Dkt. 1 at 17.

This case is governed by Central District of California General Order 26-05, which was adopted in response to the substantial and increasing volume of immigration habeas petitions filed in this District and to ensure their uniform, expedited, and orderly resolution on the merits. See Dkt. 6. General Order 26-05 establishes an accelerated briefing schedule – requiring a government answer within seven days of service and a prompt reply thereafter – along with procedures for immediate service and prompt adjudication of the petition in its entirety.

While the Court makes no finding as to the appropriateness of a preliminary injunction in other cases, under the circumstances of the instant case, Petitioner cannot demonstrate the requisite basis for a preliminary injunction because the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition. See Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008) ("[Petitioner] must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief."). Thus, the Court concludes Petitioner is not entitled to a preliminary injunction, and the Motion is **DENIED without prejudice**.

Further proceedings on the merits of the Petition are referred to the Magistrate Judge. Any objections to Report and Recommendations issued by the Magistrate Judge shall be filed no later than three (3) days from the date of the Report and Recommendation.

**IT IS SO ORDERED**.